UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DONIELL DUNCAN**<br>2519 Amara Dr.<br>Toledo, OH 43615<br><br>    Plaintiff,<br><br> -vs-<br><br>**LOURDES UNIVERSITY**<br>c/o Janis E. Foley<br>1000 Jackson St.<br>Toledo, OH 43604<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT**<br><br>**JURY DEMAND ENCLOSED HEREON**<br><br>Kevin C. Urtz (0096100)<br>MOCKENSTURM, LTD.<br>1119 Adams Street, First Floor<br>Toledo, OH 43604<br>(419) 724-3499 Phone<br>(419) 724-3495 Fax<br>kevin@mockltd.com<br><br>*Counsel for Plaintiff* |

Now comes Plaintiff, Doniell Duncan, by and through her undersigned counsel, and for her Complaint alleges and avers as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343, as it is an action seeking redress under the laws and statutes of the United States of America for deprivations of rights secured by the Constitution and laws of the United States.

2. This Court has jurisdiction over the Plaintiff's claims arising under the Constitution and laws of the State of Ohio pursuant to 28 U.S.C. §1367(a), as such claims are part of the same case or controversy as those giving rise to the claims over which this Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

3. Venue properly lies in this Court under 28 U.S.C. §1391(b), as the Defendant resides within the Northern District of Ohio and all relevant events giving rise to the action occurred within the Northern District of Ohio.

**PARTIES**

4. Plaintiff, Doniell Duncan is an individual over the age of 18 years who, at all times relevant hereto, resided in the City of Toledo, County of Lucas, and State of Ohio.

5. Defendant, Lourdes University (hereinafter referred to as "Lourdes"), is a corporation for non-profit licensed to transact business in the State of Ohio, and the events giving rise to this action arose out of its activities in Lucas County, Ohio.

**FACTUAL HISTORY**

6. Plaintiff realleges and incorporates by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

7. Doniell Duncan was hired by Defendant Lourdes on or about April 3, 2018, as an Academic Success Specialist in Defendant's Academic Success Center.

8. Plaintiff's job duties included providing academic support for students, such as tutoring, workshops, and testing.

9. In addition to communicating with co-workers and supervisors, Plaintiff's job required her to often have direct communication with students.

10. Around May of 2018, shortly after Ms. Duncan began her employment, her supervisors and co-workers began to make comments to her, as well as students who were in Defendant's clinic, about Ms. Duncan's personal relationships.

11. Ms. Duncan's supervisors and co-workers consistently offered unsolicited opinions about the individuals they felt Ms. Duncan should pursue romantically.

12. When Ms. Duncan was not receptive their comments and asked them to stop, they spoke negatively about her in front of students and made comments about her appearance.

13. Ms. Duncan informed Defendant of this inappropriate conduct; however, Defendant declined to address the situation, which led Ms. Duncan to file a charge with the OCRC and EEOC on November 10, 2018.

14. Ms. Duncan was treated differently than her co-workers after she complained of the situation and filed her charge to stop the harassment.

15. Ms. Duncan was, among other things, targeted by her supervisors, provided with inconsistent and contradictory work instructions, and held to different standards than her co-workers.

16. On May 1, 2019, while her charge was pending, Respondent threatened to terminate Ms. Duncan's employment if she did not resign.

17. As a result, Ms. Duncan's employment for Defendant ended on May 1, 2019.

18. Defendant's action was not based on any legitimate employment issue on the part of Ms. Duncan, but it was a direct and retaliatory response to Ms. Duncan's prior complaints and the charge she filed regarding the harassment and discrimination she experienced while employed by Defendant.

19. Ms. Duncan later filed a second charge with the OCRC/EEOC on September 18, 2019, based on Defendant's retaliatory conduct. (EEOC Charge No. 22A-2019-03345).

## ADMINISTRATIVE PREREQUISITES

20. Plaintiff has complied with all the administrative prerequisites to action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

    a. On or about September 18, 2019, Plaintiff timely filed a formal charge of sex discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC").

    b. Plaintiff fully cooperated in the agency's investigation.

    c. The EEOC concluded its investigation and issued a "Dismissal and Notice of Rights" letter to Plaintiff on September 14, 2020. A copy of that letter is attached hereto as Plaintiff's **Exhibit "A"**.

## FIRST CLAIM
## TITLE VII—SEX DISCRIMINATION/SEXUAL HARASSMENT

21. Plaintiffs reallege and incorporate by reference the allegations contained in the foregoing paragraphs as if fully rewritten herein.

22. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendant. Specifically, Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based in whole, or in part, upon an employee's sex.

23. Plaintiff is a female and during her employment with Defendant was a member of a protected class under Title VII against sex-based discrimination by her employer.

24. At all times relevant to this action, Plaintiff fully, adequately and completely performed all of the essential functions, duties and responsibilities of her employment with Defendant.

25. Upon information and belief, Defendant discriminated against Plaintiff and harassed her based solely on her sex by, among other ways: subjecting her to frequent and personal questions or comments about her romantic relationships; frequently offering unsolicited and unwanted advice or comments about who she should pursue romantically; making derogatory comments about Ms. Duncan personally and about her appearance in front of co-workers and students; subjecting her to inconsistent and contradictory work instructions; holding her to different standards than other similarly situation co-workers; and constructively terminating her employment.

26. As a result of Defendant's policies and practices, Plaintiff was sexually harassed and unjustly and discriminatorily deprived of equal employment opportunities because of her sex.

27. As a further result of Defendant's above stated actions, Plaintiff has been, is being and will be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to her as an employee, but denied because of her sex, in an amount to be proven at trial.

## SECOND CLAIM
## RETALIATION (29 U.S.C. § 623)

28. Plaintiff realleges and incorporates by reference the allegations contained in the above-mentioned paragraphs as if fully rewritten herein.

29. The act of opposing an employer's discriminatory practices is protected activity as defined by 29 U.S.C. 623(d).

5

30. Shortly after being hired by Defendant in April 2018, Plaintiff began to experience harassing and discriminatory treatment based on her sex.

31. Plaintiff complained to her supervisors, but when they did nothing to remedy the situation, she filed EEOC charges on November 10, 2018 and September 18, 2019.

32. Defendant retaliated against Plaintiff by, among other ways, subjecting her to inconsistent and contradictory work instructions, holding her to different standards than her co-workers, and forcing her resignation on May 1, 2019.

33. Defendant's conduct evidences a conscious disregard for Plaintiff's right and obligation to complain of discrimination and harassment, such disregard having a great possibility of causing substantial damages and a chilling effect on the right to complain of discrimination in the workplace, and thereby subjecting Defendant to liability for punitive damages.

34. As a result of Defendant's retaliatory actions, Plaintiff has been, is being, and will be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to her as an employee, in an amount to be proven at trial.

35. As further direct and proximate result of Defendant's actions, Plaintiff also suffered, and continues to suffer from, increased stress, anxiety, loss of confidence, and mental distress.

### THIRD CLAIM
### UNLAWFUL DISCRIMINATORY PRACTICES
### OHIO REVISED CODE § 4112.02

36. Plaintiff realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully rewritten herein.

6

37. As a result of Defendant's conduct described above, Plaintiff, Doniell Duncan, has been discriminated against, harassed, and retaliated against on the basis of her sex in violation of R.C. § 4112 et seq., as amended, and its implementing regulations.

38. As a result of Defendant's actions, Plaintiff has been, is being, and will be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to her as an employee, in an amount to be proven at trial.

39. As further direct and proximate result of Defendant's actions, Plaintiff also suffered, and continues to suffer from, increased stress, anxiety, loss of confidence, and mental distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Doniell Duncan, requests judgment and damages against Defendant as follows:

a. A declaratory judgment that Defendant Lourdes University has violated Plaintiff's right to be free from sex discrimination and retaliation in the workplace pursuant to Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 623, and O.R.C. 4112.02.

b. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including emotional distress and mental anguish, impairment of the quality of life; and consequential losses;

c. An award for reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provided in Title VII and as provided under state law;

d. An award of punitive damages for the malicious and discriminatory actions of Defendant;

e. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

f. Such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

*/s/ Kevin C. Urtz*
Kevin C. Urtz (0096100)
MOCKENSTURM, LTD.
1119 Adams Street, First Floor
Toledo, OH 43604
(419) 724-3499 Phone
(419) 724-3495 Fax
kevin@mockltd.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Plaintiff hereby demands trial by jury for all claims herein plead.

Respectfully Submitted,

*s/ Kevin C. Urtz*
Kevin C. Urtz (0096100)
MOCKENSTURM, LTD.
kevin@mockltd.com

*Counsel for Plaintiff*