IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Doniell Duncan,                                             Case No. 3:20-cv-2665-JGC

           Plaintiff,

      v.                                                    **ORDER**

Lourdes University,
           Defendant.

This is an employment discrimination and retaliation case. I previously granted summary judgment in favor of Defendant and entered judgment on September 14, 2023. (Doc. 57).

Pending before me are: (1) Plaintiff's Application/Motion to proceed without prepayment of fees for appeal from my September 14 Order (Doc. 61); and (2) Plaintiff's Motion for Reconsideration of that decision.[1] (Doc. 59).

## Discussion

Reconsideration is appropriate in the following limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (Katz, J.). It is not an opportunity to repeat arguments already made based on facts and law already known. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). It is

---

[1] Two days later, Plaintiff also filed a Notice of Appeal of my order granting summary judgment. (Doc. 60). But because the Motion for Reconsideration is pending, the Notice is not yet effective, and the Sixth Circuit does not have jurisdiction until I resolve the current Motion. Fed. R. App. P. 4(a)(4)(b); *see also* Doc. 62.

also not a procedural second bite at the apple to raise new issues and facts that could have been raised earlier but were not. *Id.*

Plaintiff presents no change in the controlling law or any clear error that would result in a manifest injustice. Plaintiff also does not explain how any evidence is new and previously unavailable to her. To do so, she must show "(1) that [she] exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998)). She has not done so.

Plaintiff argues that I made factual and legal errors. (Doc. 59, pgID 1640). She does not say that such errors were due to a change in controlling law. The most recent legal authority cited by Plaintiff is over two years old. (Doc. 59, pgID 1640 (citing *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400 (6th Cir. 2021)).

Plaintiff also does not point to any recently discovered facts. Plaintiff cites to evidence that was already a part of the record and otherwise available to her in opposing summary judgment. (*See , e.g.*, *id.*, pgID 1642 (citing deposition testimony)). Those facts are not new.

## Conclusion

The proper forum for Plaintiff's issues is the Court of Appeals—not me. Pending the resolution of that appeal and issuance of the mandate, Plaintiff shall file no further pleadings or papers in this Court. Her Notice of Appeal removes my jurisdiction and vests it in the Sixth Circuit, thus barring my further adjudication of the merits of this case. *See Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995) ("It is settled law

2

that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal.").

**I caution Plaintiff that if she disregards this instruction, I will consider sanctions as appropriate under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and my inherent power to control the conduct of litigants appearing before me.**

It is, accordingly, ORDERED THAT:

1. Plaintiff's Motion for Reconsideration (Doc. 59) be, and the same hereby is, denied.

2. Leave be, and the same hereby is, granted to Plaintiff's Application/Motion to proceed without the prepayment of fees regarding the Notice of Appeal (Doc. 61).

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge